**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-6375**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WAYNE L. LEWIS,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:15-cr-00144-HEH-RCY-1)

---

Submitted:  August 21, 2025              Decided:  August 26, 2025

---

Before WILKINSON, HARRIS, and RICHARDSON, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Wayne L. Lewis, Appellant Pro Se.  Peter Sinclair Duffey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wayne L. Lewis seeks to appeal the district court's order denying his petitions for writs of error coram nobis. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on December 16, 2024, and the appeal period expired on February 14, 2025. Lewis filed the notice of appeal on April 17, 2025.[*] Because Lewis failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date Lewis could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2